(No. 5214 )

THE COUNTY OF RANDOLPH, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 20, 1965.*

HOWARD CLOTFELTER, Attorney for Claimant.

WILLIAM G. CLARK, Attorney General; LEE D. MARTIN, Assistant Attorney General, for Respondent.

PEZMAN, J.

Claimant, The County of Randolph, seeks reimbursement of $17,412.50, representing expenses incurred by claimant and its officials for services performed in connection with court proceedings involving petitions for Writs of Habeas Corpus by the inmates of the Illinois State Penitentiary and the Illinois Security Hospital. These are penal and charitable institutions of the State of Illinois. Both are located within the County of Randolph.

The parties have stipulated as follows:

"That divisions of the Illinois State Penitentiary and Illinois Security Hospital, the same being penal and charitable institutions of the State of Illinois, are situated in Randolph County, Illinois;

"That petitions of Writs of Habeas Corpus in forma pauperis by inmates of the Illinois State Penitentiary and Illinois Security Hospital, not residents of or committed from Randolph County, are frequently filed in the Circuit Court of Randolph County;

"That by virtue of certain statutory provisions (Chap. 65, pars. 37, 38 and 39, 1963 Ill. Rev. Stats.) the State of Illinois is required to assume and to pay the necessary expenses, including all costs and fees of county officers, arising from such petitions for Writs of Habeas Corpus;

"That, as provided in Chap. 81, Sec. 81, 1963 Ill. Rev. Stats., a fee of $1.00 is charged on each civil case when pleading is filed to defray costs of law library;

"That attached to the complaint as claimant's exhibit A is a list of the petitions for Writs of Habeas Corpus in forma pauperis filed in the Circuit Court of Randolph County between the dates of November 8, 1962 and January 6, 1965, inc., which list is a true and correct itemization of said petitions filed between the said dates, and, further, that in all cases on the said exhibit A, wherein amounts are itemized as Sheriff's fees, State's Attorney's fees and law library fees, Writs of Habeas Corpus were issued and hearings held before the Circuit Court of Randolph County;

"That claimant, County of Randolph, claims in this action, all amounts to which it is entitled in the cases listed in exhibit A for filing fees, Sheriff's fees, State's Attorney's fees and law library fees, and, further, that a similar claim based upon similar items of expenses, but arising out of other cases, was presented by the County of Randolph and determined by this Court in an opinion filed June 24, 1955, in volume No. 22 of the Court of Claims Reports, page 205; and again in opinion filed July 24, 1958, in volume No. 22, of the Court of Claims Reports, page 733; and again in opinion filed May 23, 1959, in volume No. 23, Court of Claims Reports, page 136;

"That none of the petitioners set forth in exhibit A attached to the complaint herein were residents of or committed from Randolph County, Illinois;

"That no claim has been presented to any State Department other than the filing of the complaint herein, and that there has been no assignment of any of the items herein claimed;

"That the Board of County Commissioners of Randolph County adopted a resolution on February 15, 1962 imposing an additional fee of $1.00 upon all cases filed in the Circuit Court of Randolph County, Illinois, for library purposes, as authorized by the 1961 Ill. Rev. Stats., Chap. 81, par. 81."

The Commissioner's Report states that both he and an Assistant Attorney General of the State of Illinois appeared

in the Circuit Court of Randolph County on March 25, 1965, and, together with the State's Attorney of Randolph County, examined the entries in the court docket. The Commissioner found that the amounts prayed for in the complaint are true and accurate, and that claimant is entitled to be paid the total sum of $17,412.50.

We, therefore, award The County of Randolph the sum of $17,412.50.